UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULLETO ROGERS,

        Plaintiff,

v.                                           Civil Case No. 14-13191
                                           Honorable Linda V. Parker

MICHAEL J. GEROU,

        Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS AND SUA SPONTE DISMISSING COMPLAINT WITH PREJUDICE

On August 18, 2014, Plaintiff filed this lawsuit against Michael J. Gerou, a judge in Michigan's 35th District Court in Plymouth, Michigan.  Plaintiff has filed an application for leave to proceed in forma pauperis in this matter.  (ECF No. 2.)  For the reasons that follow, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's Complaint and therefore is summarily dismissing this action with prejudice and denying Plaintiff's request to proceed in forma pauperis.

In her Complaint, Plaintiff challenges Judge Gerou's adjudication of a case for which she was before him on April 20, 2014, where Plaintiff appears to have been found guilty of operating a vehicle while intoxicated.  (ECF No. 1.)  She asks this Court to sanction Judge Gerou for holding her in contempt of court, to dismiss

the case, and to restore her driver privileges. (*Id.*) Plaintiff also requests a federal subopoena for what appears to be a Michigan police officer and the appointment of a pro bono attorney to represent her. (*Id.*)

At any time, a district court may sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations therein "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) and *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)). There are several reasons why Plaintiff's Complaint is frivolous and devoid of merit.

First and foremost, pursuant to the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). This is true even in the face of allegations that "the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Blanton v. United States*, 94 F.3d 227, 233-34 (6th Cir. 1996). Review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; *Feldman*, 460 U.S. at 476, 103 S. Ct. at 1311. A fair reading of Plaintiff's Complaint reveals that the present

action is an impermissible attack of the proceedings and judgment in the case before Judge Gerou.

While Plaintiff can bring a federal complaint alleging, for example, a violation of her rights in the state court proceedings before Judge Gerou, she first must succeed in having her conviction set aside through the established state court appeals process or the filing of a federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim ... for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).

Moreover, to the extent Plaintiff is seeking to hold Judge Gerou liable for his conduct in the state court proceedings, he is entitled to absolute judicial immunity. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (explaining that "[i]t is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction").

Accordingly,

**IT IS ORDERED**, that Plaintiff's Complaint is sua sponte **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(1);

**IT IS FURTHER ORDERED**, that Plaintiff's application to proceed in forma pauperis is **DENIED**.

                                              S/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: August 25, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 25, 2014, by electronic and/or U.S. First Class mail.

                                              S/ Richard Loury
                                              Case Manager